Smith v. Bankers Engineering Co., 186 Ill. App. 115.

## F. P. Smith, trading as F. P. Smith Wire & Iron Works, Defendant in Error, v. Bankers Engineering Company, Plaintiff in Error.

### Gen. No. 19,035.

1.  PAYMENT, § 5*—*when taking of check is conditional payment.* The taking of a post-dated check of a third party for an existing debt, *held prima facie* a conditional payment, and payment of the indebtedness only when paid.

2.  PAYMENT, § 38*—*when defendant on review cannot complain of plaintiff's possession of check.* On writ of error to review a judgment allowing recovery upon an indebtedness for which a check was given, *held* that defendant could not complain that plaintiff was permitted to retain possession of the check, where at the trial counsel for plaintiff put the check in evidence, and a copy thereof, with the consent of defendant, was substituted for the original in the bill of exceptions.

Error to the Municipal Court of Chicago; the Hon. HENRY C. BEITLER, Judge, presiding. Heard in this court at the March term, 1913. Affirmed. Opinion filed May 4, 1914.

POLLOCK, SULLIVAN & LIVINGSTON, for plaintiff in error.

BREDING & GESAS, for defendant in error.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

The defendant corporation was indebted to the plaintiff, F. P. Smith, October 23, 1910, in the sum of $547.-20, for goods sold and delivered. On that day the defendant procured from one Fairbanks a check for $301.-50 dated November 23, 1910, and payable to the order of plaintiff. Fairbanks refused to pay the check, claiming that he had discovered an error in his account with the defendant. January 30, 1911, the defendant paid plaintiff the remainder of the sum due him after deducting the amount of the Fairbanks' check. In an action for goods sold and delivered, plaintiff recovered

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

a judgment for $301.50, to reverse which the defendant prosecutes this writ of error.

We think that the case is within the rule that the taking of a note or post-dated check of a third party for an existing debt is treated *prima facie* as a conditional payment and is payment of such indebtedness only when paid. *Heartt v. Rhodes*, 66 Ill. 356.

The contention that the plaintiff cannot insist that the check was not in payment of the amount due him from defendant because plaintiff still has the check in his possession is without merit. At the trial counsel for plaintiff put the check in evidence. This placed the check under the control of the court and it was the right of the defendant to have the original check made a part of the bill of exceptions. We find in the bill of exceptions a copy of the check, but this could have been substituted for the original only by consent of the defendant. Defendant did not ask that the check be impounded, and we think that in view of his consent that a copy be substituted for the original in the bill of exceptions, he cannot be heard to complain that the plaintiff was permitted to retain possession of the check.

We think that the plaintiff was entitled to recover and the judgment is affirmed.

*Affirmed.*